| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE ALLEN SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF ALLEN | ) | CAUSE NO._____ |

AARON L. GALLOWAY,                )
                                  )
        Plaintiff,                )
                                  )
    v.                            )
                                  )
CITY OF FORT WAYNE, OFFICER J. KOEHL, )
#1946F, and "JOHN DOES/JANE DOES" )
OFFICERS                          )
                                  )
        Defendants.                )

## COMPLAINT

Comes now Plaintiff, Aaron L. Galloway, by counsel, and alleges against the Defendants City of Fort Wayne and Officer J. Koehl, #1946F, as follow:

1. The Plaintiff is Aaron Galloway, a resident of Fort Wayne, who resides in the County of Allen.

2. The Defendant City of Fort Wayne is sued in its official capacity pursuant to 42 U.S.C.§ 1983 for having unconstitutional policies, practices, customs, and procedures with respect to confining and detaining individuals (including Plaintiff) for more than 48 hours without obtaining a judicial determination of probable cause. The City of Fort Wayne, by way of its "John Doe/Jane/Doe" police officers did arrest and detain the Plaintiff on October 1, 2023, at approximately 10:00 pm and broke Plaintiff's left leg while body slamming Plaintiff to the ground using excessive and unreasonable force in seizing the Plaintiff contrary to Plaintiff's rights under the Fourth Amendment of the United States Constitution, then transporting Plaintiff to Lutheran Hospital



Downtown and handcuffing Plaintiff to the bed (both before and after surgery) where Plaintiff stayed for approximately six (6) days, until October 6th 2023, at about 6:00 pm, when an ambulance took Plaintiff home, thus causing Plaintiff to be unconstitutionally overdetained, violating Plaintiff's right to be free from unreasonable seizure under the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983, violating U.S.C. Supreme Court and Seventh Circuit precedents. *Gerstein* v. *Pugh*, 420 U.S. 103 (1975), *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991)), and Luck v Rovenstine, 168 F.3rd 323 (1999).

3. Defendant J. Koehl #1946F, and other "John Doe/Jane Doe" Officers are herein sued in their individual capacities as they were acting as persons under color of law in their capacities as law enforcement officers when they used excessive force against the Plaintiff while arresting him by breaking his left leg which required surgery and hospitalization, and then participated in overdetaining the Plaintiff by handcuffing him to a hospital bed at Lutheran Hospital Downtown for approximately 6 days during which time the individual Defendant Officers, and/or the City of Fort Wayne, failed to obtain a timely probable cause determination within 48 hours after Plaintiff's arrest. Officer Koehl and other " John Doe/Jane Doe" Officers acted intentionally and in reckless disregard and deliberate indifference to Plaintiff's constitutional rights prohibiting excessive force and prohibiting overdetention in violation of 42 U.S.C. § 1983.

4. Plaintiff Aaron L. Galloway was arrested at approximately 10:00 pm on October 1, 2023, and remained incarcerated and detained at Lutheran Hospital Downtown until

approximately 6:00 pm on October 6, 2023, during which time he was handcuffed to a hospital bed and was under the care, custody, control, of and was detained by, Fort Wayne City Police Officers who were acting pursuant to the policies, customs, and procedures of the City OF Fort Wayne.

5. Plaintiff Aaron L. Galloway was arrested and detained without an arrest warrant and without any type of judicial order and was held at Lutheran Hospital Downtown for approximately 6 days (more than 48 hours) after his arrest without receiving a timely judicial probable cause determination for his arrest and detention.

6. A probable cause affidavit was not filed until November 21, 2023, and the order of probable cause was signed on or about November 7, 2023, in the case of <u>State v Aaron L Galloway</u>, Case No. 02D06-2311-CM-004635.

7. In this class action, Plaintiff represents himself and all others similarly situated, to wit, the "Class" of individuals which would include the following:

> Individuals who, from June 18, 2022, to the present (and foreseeable future), or incarcerated and detained and held by City of Fort Wayne Police Officers, either at a Hospital or other location, who had been arrested without a warrant, and were then held more than 48 hours following their arrest and detention, without receiving a timely judicial probable cause determination.

8. The complained of overdetention by the Plaintiffs subjected him and others similarly situated to unreasonable seizure in violation of their rights under the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983, which directly and proximately caused Plaintiff and putative class members to suffer the wrongful loss of freedom and liberty, inconvenience, mental anguish, emotional distress, and other damages and injuries.

9. Pursuant to Rule 23 of the Indiana Rules of Trial Procedure of, this matter is properly maintained as a Class Action in that:

   a) On information and belief the class is so numerous that joinder of all putative class members would be impracticable;

   b) There are questions of law or fact (unreasonable seizure in violation of the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983), to the class;

   c) The claims of the representative party are typical of the overdetntion claims of the class;

   d) The representative party would fairly and adequately protect the interest of the class.

10. Furthermore, this action is maintainable as a class action with respect to the overdetention claims, because the pre-requisites of Trial Rule 23 (A) are satisfied, and in addition, pursuant to TR23(B), the action is maintainable as a class action, because:

    (1) The prosecution of separate actions by or against individual members of the class would create a risk of:

        a) inconsistent or varying judications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

        b) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interest of the other members not parties to the adjudications or substantially impair or

—4—

impede their ability to protect their interest or;

(2) The party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) There are questions of law or fact common to the members of the class which predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

(4) Furthermore, there is no interest of members of the class in individually controlling the prosecution of separate actions;

(5) there is no collateral litigation to this case which has been commenced by the Plaintiff or other punitive class members;

(6) There is a desirability of concentrating the litigation of any and all overdetention claims similar to that of the Plaintiff in one (1) forum (this court);

(7) There are no known difficulties likely to be encountered in the management of this class action.

WHEREFORE, a) on the excessive force claims as against Defendant Officer Koehl, Plaintiff prays for compensatory damages, punitive damages, reasonable attorney's fees and costs under the Fourth Amendment and 42 U.S.C. § 1983; and   b) As against Officer Koehl and other individual officers who participated in overdetaining the Plaintiff for more than 48 hours without obtaining a probable cause determination, Plaintiff requests compensatory damages, punitive damages, and attorney's fees and costs;   declaratory

/injunctive relief, and for attorney's fees and costs;   c) As against the City of Fort Wayne. Plaintiff seeks compensatory damages, a class action certification for the overdetention claims of the Class Representative and putative class members, relief and for attorney's fees and costs, and Plaintiff Galloway requests this relief on behalf of himself and others similarly situated.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**MYERS & WALLACE, LLP**

*/s/Christopher C. Myers*
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:   (260) 424-0600
Facsimile:   (260) 424-0712
E-mail:   cmyers@myers-law.com
*Counsel for Plaintiff*